**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| UNIQUE JOHNSON, ) | |
| ) | |
| Plaintiff, *pro se*, ) | |
| ) | Civil Action No. 8:25-cv-00088-LKG |
| v. ) | |
| ) | Dated: March 12, 2026 |
| TOYOTA MOTOR CREDIT ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION**

## I.   INTRODUCTION

In this civil action, the Plaintiff *pro se*, Unique Johnson, brings claims for violations of the Fair Debt Collection Practices Act ("FDCPA") against the Defendant, Toyota Motor Credit Corporation ("TMCC"), arising from TMCC's attempts to collect a debt owed by the Plaintiff under her retail installment contract for a car.  *See generally* ECF No. 1.  TMCC has moved to dismiss the complaint or, alternatively, for a more definite statement regarding the basis of the claims, pursuant to Fed. R. Civ. P. 12(b)(6) and 12(e).  ECF No. 10.  The motion is fully briefed. ECF Nos. 10, 11, 16 and 17.  No hearing is necessary to resolve the motion.  L.R. 105.6 (D. Md. 2025).  For the reasons that follow, the Court: (1) **GRANTS** the Defendant's motion to dismiss (ECF No. 10) and (2) **DISMISSES** the complaint.

## II.   FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.  Factual Background

In this civil action, the Plaintiff brings claims for violations under the FDCPA, arising from TMCC's attempt to collect a debt owed under a retail installment contract.  ECF Nos. 1 at 7, 1-1 at 1 and 11 at 4.  In the complaint, the Plaintiff asserts claims for: (1) harassment and oppression, in violation of 15 U.S.C. § 1692d; (2) misrepresentation and improper use of credit

---

[1] The facts recited in this memorandum opinion are taken from the complaint; TMCC's motion to dismiss or, alternatively, for a more definite statement, and the memorandum in support thereof; the Plaintiff's response in opposition to TMCC's motion to dismiss; and TMCC's reply brief.  ECF Nos. 1, 1-1, 1-2, 1-3, 1-4, 1-5, 10, 11, 16 and 17.

reporting, in violation of 15 U.S.C. § 1692e; (3) unfair and coercive practices, in violation of 15 U.S.C. § 1692f; and (4) unlawful repossession of her car.  ECF No. 1 at 7–8.  As relief, the Plaintiff seeks to recover monetary damages from TMCC and an order directing TMCC to cease unlawful repossession practices and misuse of the credit reporting system.  *Id.* at 8.

The Parties

Plaintiff Unique Johnson is the purchasing party to a retail installment sale contract ("the Contract") for the vehicle relevant to this dispute and she is a resident of Upper Marlboro, Maryland.  *Id.* at 6; ECF No. 1-3.

Defendant Toyota Motor Credit Corporation is the assignee of the seller-creditor's interest in the Contract.  ECF Nos. 1-3 at 5 and 11 at 3–4.

The Retail Installment Sale Contract

This matter relates to the Contract signed by the Plaintiff on August 1, 2020, to purchase a used 2015 Mazda 3 for $19,209.20 from RRR, Bowie, LLC.  ECF Nos. 1-3 and 11 at 3.  The Contract assigns the seller-creditor's interest in the Contract to TMCC.  ECF No. 1-3 at 5.  The Contract also adopts Md. Code Ann., Comm. Law § 12-1021 regarding repossession, and provides that:

> We may take the vehicle from you. If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. We may repossess the vehicle with or without resort to judicial process. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows.

*Id.* at 4.

On December 15, 2021, TMCC sent a notice of repossession ("the Notice") to the Plaintiff, stating that her vehicle was repossessed due to "broken promises" in the Contract. ECF Nos. 1-4 at 1 and 11 at 5.  The Notice informed the Plaintiff of her right to redeem the vehicle for past due payments, indicating that she could redeem the vehicle for payment of the past due balance of $1,158.65.  ECF Nos. 1-4 at 1 and 11 at 5.

On May 3, 2022, TMCC sent a letter to the Plaintiff stating that her account retained a balance of $4,009.81.  ECF No. 1-5 at 1.  The repossession accounting statement attached

to the letter also sets forth the amounts credited and charged to the Plaintiff pursuant to the repossession and sale of the vehicle. *Id.* at 2.

On October 26, 2023, the Plaintiff sent a cease-and-desist letter to TMCC. ECF No. 1-1. In this letter, the Plaintiff indicates, among other things, that TMCC was harassing her "with oppressive and abusive practices to collect an[] alleged debt" and that TMCC has "made false and misleading representations that nonpayment results in the seizure of property." *Id.* at 1. The Plaintiff also states in her letter that she does not believe she owes this alleged debt and that she will not pay any alleged debts that have not been verified. *Id.* And so, the Plaintiff requests that "to remedy the damages [TMCC has] caused through [its] illegal acts," TMCC "shall report this account on all of my consumer reports as paid in full" and "shall pay me all payments made back to me via check or money order." *Id.*

The Plaintiff's Allegations

In the complaint, the Plaintiff alleges that TMCC: (1) "engaged in repeated and oppressive practices, including harassing phone calls and coercive tactics, to collect a debt that they are not legally owed as a creditor," in violation of 15 U.S.C. § 1692d; (2) "used the credit reporting system as a tool to harass and coerce payment from Plaintiff by falsely reporting or failing to validate the debt under the FDCPA," in violation of 15 U.S.C. § 1692e; (3) "engaged in unfair practices by attempting to collect a disputed debt without proper verification or legal standing," in violation of 15 U.S.C. § 1692f; and (4) "unlawfully repossess[ed] Plaintiff's car without proving their right to do so." ECF No. 1 at 7–8. And so, the Plaintiff contends that she was harmed as a result of TMCC's conduct, and that she has (1) suffered "emotional distress, anxiety, and harm to [her] credit standing;" (2) lost the use of her car, "causing significant financial and personal hardship;" and (3) experienced "undue stress and harm to [her] livelihood." *Id.* at 8. As relief, the Plaintiff seeks to recover monetary damages from TMCC and an order directing TMCC to cease unlawful repossession practices and misuse of the credit reporting system. *Id.*

**B. Relevant Procedural Background**

The Plaintiff commenced this civil action on January 10, 2025. *Id.* at 1. On April 28, 2025, TMCC filed a motion to dismiss or, alternatively, for a more definite statement, pursuant to Fed. R. Civ. P. 12(b)(6) and 12(e), and a memorandum in support thereof. ECF Nos. 10 and 11.

On May 21, 2025, the Plaintiff filed a response in opposition to TMCC's motion.  ECF No. 16.  On June 3, 2025, TMCC filed a reply brief.  ECF No. 17.

TMCC's motion having been fully briefed, the Court resolves the pending motion.

### III.    LEGAL STANDARDS

#### A.  Fed. R. Civ. P. 8(a) And 12(b)(6)

Under Fed. R. Civ. P. 8(a), a complaint must set forth a short and plain statement of the claim showing that the pleader is entitled to relief.  To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible when "the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). When evaluating the sufficiency of a plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff.  *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005) (citations omitted).  But, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ."  *Nemet Chevrolet, Ltd.*, 591 F.3d at 255.  And so, the Court should grant a motion to dismiss for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *GE Inv. Priv. Placement Partners II, L.P. v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989)).

#### B.  *Pro Se* Litigants

The Plaintiff is proceeding in this matter without the assistance of counsel.  And so, the Court must construe the complaint liberally.  *See Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980).  But, in doing so, the Court cannot disregard a clear failure to allege facts setting forth a cognizable claim.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"); *Bell v. Bank of Am., N.A.*, No. 13-478, 2013 WL 6528966, at *1 (D. Md. Dec. 11, 2013) ("Although a *pro se* plaintiff is general[ly] given more leeway than a party represented by counsel . . . a district court is not obliged to ferret through a

4

[c]omplaint . . . that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised.") (quotations and citations omitted). And so, if a plaintiff fails to allege sufficient facts setting forth a cognizable claim, the Court must dismiss the complaint.

### C. FDCPA

To prevail on a Fair Debt Collection Practices Act claim, a plaintiff must prove that: (1) the defendants are "debt collectors" as defined by the FDCPA; (2) the plaintiff was the "object of collection activity" arising from a consumer debt; and (3) the defendants were engaged in an act or omission prohibited by the FDCPA. *Boosahda v. Providence Dane LLC*, 462 F. App'x 331, 333 n.3 (4th Cir. 2012). The FDCPA defines "debt collector" as "any person . . . who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be due another." 15 U.S.C. § 1692a(6). The FDCPA excludes from the definition of "debt collector" "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." *Id.* at § 1692a(6)(A). And so, the Fourth Circuit has held that the FDCPA "generally does not regulate creditors when they collect debt on their own account." *See Henson v. Santander Consumer USA, Inc.*, 817 F.3d 131, 134 (4th Cir. 2016) (holding that the defendant became a creditor when it purchased the loans before engaging in the challenged practices such that the FDCPA did not apply to the defendant because it was acting as a creditor rather than a "debt collector"), *aff'd*, 137 S. Ct. 1718 (2017).[2]

### IV.    ANALYSIS

TMCC has moved to dismiss this matter or, alternatively, for a more definite statement, pursuant to Fed. R. Civ. P. 12(b)(6) and 12(e), for the following reasons: (1) TMCC is not a "debt collector," as defined by the FDCPA; (2) none of the Plaintiff's claims, pursuant to Sections 1692d, 1692e or 1692f of the FDCPA, are sufficiently pled to satisfy Rule 12(b)(6) or 12(e); (3) the Plaintiff failed to bring her FDCPA claim within the one-year

---

[2] A creditor is distinguished from a debt collector "based on whether the person acts in an agency relationship with the person to whom the borrower is indebted." *Henson v. Santander Consumer USA, Inc.*, 817 F.3d 131, 135 (4th Cir. 2016). "With limited exceptions, a debt collector thus collects debt on behalf of a creditor." *Id.* "A creditor, on the other hand, is a person to whom the debt is owed, and when a creditor collects its debt for its own account, it is not generally acting as a debt collector." *Id.* at 135–36.

statute of limitations; and (4) the Plaintiff has failed to allege recoverable damages under the FDCPA.  ECF No. 11 at 7–12.  And so, TMCC requests that the Court either dismiss the complaint or require the Plaintiff to file a more definite statement.  *Id.* at 12.

The Plaintiff counters that the Court should not dismiss this matter, because: (1) TMCC is a "debt collector" under the FDCPA; (2) her claims are timely under the continuing violation doctrine; (3) the underlying contract is unconscionable and legally deficient; and (4) she alleges recoverable damages.  ECF No. 16 at 1–2.  And so, the Plaintiff requests that the Court deny TMCC's motion.  *Id.* at 3.  In the alternative, the Plaintiff requests leave to file an amended complaint.  *Id.*

For the reasons that follow, a careful reading of the complaint makes clear that the FDCPA does not apply to TMCC, because TMCC is not a "debt collector" as defined by that statute.  And so, the Court: (1) GRANTS the Defendant's motion to dismiss (ECF No. 10) and (2) DISMISSES the complaint.

### A.  The Plaintiff Fails To State A FDCPA Claim

As an initial matter, the Court agrees with TMCC that the complaint fails to state a plausible claim under the FDCPA, because TMCC is not a "debt collector" under that statute.  To prevail on her FDCPA claim, the Plaintiff must prove that: (1) TMCC is a "debt collector" as defined by the FDCPA; (2) the Plaintiff was the "object of collection activity" arising from a consumer debt; and (3) TMCC was engaged in an act or omission prohibited by the FDCPA.  *Boosahda v. Providence Dane LLC*, 462 F. App'x 331, 333 n.3 (4th Cir. 2012).  Relevant to the pending motion, the FDCPA excludes creditors from the definition of a "debt collector."  15 U.S.C. § 1692a(6)(A).  In this regard, the Fourth Circuit has held that a creditor is generally distinguished from a debt collector, based on whether the person collecting the debt "acts in an agency relationship with the person to whom the borrower is indebted."  *Henson v. Santander Consumer USA, Inc.*, 817 F.3d 131, 135 (4th Cir. 2016).  Given this, "a debt collector [] collects debt on behalf of a creditor," while a creditor is one "to whom the debt is owed."  *Id.*

The complaint and the undisputed facts in this case make clear that TMCC is a creditor, rather than a debt collector.  The exhibits accompanying the Plaintiff's complaint, which are incorporated into the complaint, show that: (1) TMCC was assigned the seller-creditor's interest in the Contract, after the Plaintiff purchased her vehicle and originated the

6

debt; and (2) TMCC has handled the collection efforts on the Plaintiff's debt owed to TMCC under the Contract. [3]  *See* ECF Nos. 1-3 at 5, 1-4 and 1-5.

Given this, the complaint makes clear that TMCC was collecting a debt owed to itself, rather than collecting a debt on behalf of a third party.  In this case, TMCC is, therefore, not a "debt collector" under the FDCPA.  And so, the Plaintiff has not stated a plausible claim under the FDCPA in the complaint.  *Boosahda*, 462 F. App'x at 333 n.3.

For these reasons, the Court DISMISSES the complaint, pursuant to Rule 12(b)(6).[4]

## V.      CONCLUSION

For the foregoing reasons, the Court:

(1) **GRANTS** the Defendant's motion to dismiss (ECF No. 10); and

(2) **DISMISSES** the complaint.

A separate Order shall issue.


**IT IS SO ORDERED.**


s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge

---

[3] In the Plaintiff's opposition to TMCC's motion to dismiss, the Plaintiff states that "Defendant TMCC has repeatedly represented itself in communications with Plaintiff as "a debt collector attempting to collect a debt." ECF No. 15 at 1.  But the Plaintiff has not identified these communications, nor does she make such allegation in the complaint.  *See generally* ECF No. 1.

[4] Because the Court concludes that it must dismiss the complaint because TMCC is not a debt collector under the FDCPA, the Court does not reach the other issues raised in TMCC's motion.